UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, | : | |
| | : | |
| Petitioner, | : | Civil Action No.:   15-2230 (RC) |
| | : | |
| v. | : | Re Document No.:   12 |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

### GRANTING RESPONDENTS' MOTION TO DISMISS

### I. INTRODUCTION

In 2011, *pro se* petitioner Christopher Stoller was convicted of theft by the Circuit Court of Lake County, Illinois and sentenced to eight years in prison. Mr. Stoller petitioned this Court for a writ of error coram nobis,[1] a rare form of post-conviction relief. Respondents now move to dismiss Mr. Stoller's petition, asserting that this Court lacks jurisdiction. As discussed below, Respondents' motion to dismiss is granted.

### II. BACKGROUND

On October 21, 2009, Petitioner Christopher Stoller was indicted in the Circuit Court of Lake County, Illinois on one count of theft of property totaling over $100,000. Pet'r's Pet. ¶ 39, ECF No. 3. Following a jury trial, Mr. Stoller was found guilty and sentenced to eight years in prison by the same court. *Id.* ¶¶ 3, 45–46. On appeal, the Illinois Court of Appeals affirmed his

---

[1] On December 18, 2015, Mr. Stoller filed his original Petition. Pet. Writ of Error Coram Nobis, ECF No. 1. Mr. Stoller re-filed a corrected version on January 19, 2016. *See generally* Pet'r's Pet., ECF No. 3. The Court cites to the corrected 2016 version of Mr. Stoller's petition.

conviction and denied his motion for a new trial. *Id.* ¶ 48; Pet'r's App. A, *People v. Stoller*, No. 2-12-0442, 2013 WL 6858907 (Ill. App. Ct. Dec. 26, 2013). Next, the Illinois Supreme Court denied Mr. Stoller's motion for reconsideration in May of 2014. Pet'r's App. C, *People v. Stoller*, 8 N.E.3d 1052 (Ill. 2014). Finally, in January of 2015, the Supreme Court of the United States denied Mr. Stoller's petition for a writ of certiorari. Pet'r's App. L, *Stoller v. Illinois*, 135 S. Ct. 966 (2015). According to Mr. Stoller's petition, he has now "served out his sentence."[2] Pet'r's Pet. ¶ 3. After unsuccessfully attempting these other avenues of relief, Mr. Stoller filed the current petition for a writ of error coram nobis with this Court. *See generally* Pet'r's Pet.

On May 24, 2016, Respondents filed the instant motion to dismiss Mr. Stoller's petition for want of jurisdiction. *See generally* Mot. to Dismiss, ECF No. 12. Respondents contend that because Mr. Stoller was neither convicted nor sentenced by this Court, it does not have proper subject matter jurisdiction to hear his coram nobis petition. *Id.* ¶ 10.

On June 29, 2016, Mr. Stoller responded to the motion to dismiss. *See generally* Pet'r's Resp., ECF No. 18-1. Mr. Stoller argues that his petition is within this Court's jurisdiction because, *inter alia*, the All Writs Act provides federal district courts with the jurisdiction to hear petitions of all writs, including the writ of coram nobis. *See* Pet'r's Resp. ¶¶ 7–8.

### III.  ANALYSIS

#### A.  Legal Standard

Subject matter jurisdiction concerns a court's authority "to adjudicate the type of controversy presented" by the case in question. *See Davis & Assocs. v. Williams*, 892 A.2d

---

[2] Because a court considering if it has jurisdiction must accept "the allegations of the complaint as true," this Court assumes for the purposes of resolving this motion that Mr. Stoller is not in custody. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

1144, 1148 (D.C. 2006) (citations omitted). Federal courts are courts of limited jurisdiction and it is generally presumed that "a cause lies outside this limited jurisdiction." *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). If a federal court lacks subject matter jurisdiction, it cannot reach the merits of the case, but must either dismiss it or transfer it to another court. *Amerijet Int'l Inc. v. U.S. Dep't of Homeland Sec.*, 43 F. Supp. 3d 4, 20 (D.D.C. 2014). As a court of limited jurisdiction, it is imperative that this Court "begin, and end," with an examination of its jurisdiction. *Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004).

The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561 (1992). When considering whether it has jurisdiction, a court accepts "the allegations of the complaint as true." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)). A court may also "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Herbert*, 974 F.2d at 197).

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Despite this relaxed standard, a *pro se* plaintiff must still establish that the court has subject matter jurisdiction. *See, e.g.*, *Fontaine v. Bank of Am., N.A.*, 43 F. Supp. 3d 1, 3 (D.D.C. 2014); *Bickford v. Gov't of U.S.*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011); *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010).

## B. Discussion

Because this Court is not the sentencing court in Mr. Stoller's case, it does not have subject matter jurisdiction to hear Mr. Stoller's petition. Therefore, the Respondents' motion to dismiss[3] for lack of jurisdiction is granted.

A petition for a writ of coram nobis is "an extraordinary remedy" that allows criminal defendants to attack their convictions after they are no longer in custody. *United States v. Morgan*, 346 U.S. 502, 511 (1954); *see also United States v. Faison*, 956 F. Supp. 2d 267, 269 (D.D.C. 2013); *see also Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998) (stating that coram nobis relief is typically viewed as "a remedy of last resort" for petitioners who are no longer in custody pursuant to a criminal conviction).[4] The modern writ of coram nobis allows a trial court to correct its own legal or factual errors, as it provides "an extension of the original proceeding during which the error allegedly transpired." *United States v. Denedo*, 556 U.S. 904, 912–13 (2009).[5]

---

[3] The Court treats Respondents' motion as a 12(b)(1) motion to dismiss.

[4] A writ of coram nobis differs from the writ of habeas corpus because only a defendant "in custody" may petition for habeas corpus relief on the ground that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2012). Although Mr. Stoller does not style his petition as one for habeas corpus, there would be, at least, two obstacles to such a claim. First, Mr. Stoller's petition indicates that he is no longer "in custody." Pet'r's Pet. ¶ 3. Second, even if Mr. Stoller were "in custody," a habeas corpus petition is proper only in the district in which his custodian is located. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), which appears to be Lake County, Illinois, rather than the District of Columbia.

[5] In Latin, "coram nobis" means "before us." *See United States v. Sawyer*, 239 F.3d 31, 37 n.4 (1st Cir. 2001) (citing LaFave, Israel & King, Criminal Procedure, § 28.1(c) (2d ed. 1991)). Originating in the sixteenth century, the writ of coram nobis "before us" in the sense of being before the King's Bench. *Id.* at 36–37.

However, only the court that imposed the sentence has jurisdiction to grant a writ of coram nobis.[6] *See Morgan*, 346 U.S. at 507 n.9; *Faison*, 956 F. Supp. 2d at 269 (finding that jurisdiction was proper in the same federal district court that had previously convicted and sentenced the petitioner); *cf. Baxter v. Claytor*, 652 F.2d 181, 184 (D.C. Cir. 1981) (holding that the court without a role in the sentencing process could not hear a coram nobis petition). If the conviction at issue is the result of a *state court* judgment, as it is here, a *federal district* court lacks subject matter jurisdiction. Every federal district or circuit court opinion identified by this Court has reached the same conclusion. *See Rawlins v. Kansas*, 714 F.3d 1189, 1196–97 (10th Cir. 2013); *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (holding that the writ of coram nobis is "not available in a federal court as a means of attack on a state criminal judgment"); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (stating that "[petitioner's] counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court"); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (holding that "the writ of error coram nobis is not available in federal court to attack state criminal judgments"). In the absence of contrary guidance from the D.C. Circuit, the Court sees no reason to depart from the reasoning of other circuits.

Mr. Stoller was convicted in the Circuit Court of Lake County, Illinois for violating an Illinois state statute.[7] *See* Pet'r's Pet. ¶ 3. Mr. Stoller's case involves no federal conviction or

---

[6] Because the Federal Rules of Civil Procedure abolished the use of the writ of coram nobis in civil cases, *see* Fed. R. Civ. Pro. 60(e), the writ is only available in criminal proceedings. *See United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954). Because Mr. Stoller's petition involves a criminal case, his petition for a writ is not barred by Rule 60(e).

[7] This Illinois statute outlaws the theft of property exceeding $100,000 in value. 720 Ill. Comp. Stat. 5/16-1 (a)(1)(A), (b)(6) (2012); *see also* Pet'r's Pet. ¶ 3.

sentence—much less in the District of Columbia—that would provide jurisdiction for this Court. *See Obado*, 328 F.3d at 718 (holding that the writ of coram nobis is "not available in a federal court as a means of attack on a state criminal judgment"). This Court is unable to remedy any potential errors made by the Illinois state court through the writ of coram nobis.

Although Mr. Stoller cites several cases discussing the writ of coram nobis, none supports jurisdiction here. *See* Pet'r's Pet. ¶ 3; Pet'r's Resp. ¶ 10. All of Mr. Stoller's cases provide examples of attacks on federal, rather than state, convictions. *See Morgan*, 346 U.S. at 503 (petitioner moved to set aside federal conviction and sentence in federal sentencing court); *Porcelli v. United States*, 404 F.3d 157, 158 (2d. Cir. 2005) (after serving a federal sentence, the petitioner sought a writ of error coram nobis from the federal sentencing court); *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (defendant in custody sought coram nobis relief from a federal conviction); *Foont v. United States*, 93 F.3d 76, 78–79 (2d Cir. 1996) (petitioner sought to vacate his federal conviction in the same federal sentencing court). Unlike the petitioners in those cases, who attacked their *federal* convictions in various *federal* sentencing courts, Mr. Stoller is attacking his *state* conviction by petitioning this *federal* court. Therefore, those cases do not support this Court's jurisdiction here.

Mr. Stoller argues that the All Writs Act grants federal courts jurisdiction to hear petitions for all writs, including his petition for a writ of coram nobis. Pet'r's Pet. ¶ 1. However, the All Writs Act states that all courts established by an Act of Congress, "may issue all writs necessary or appropriate *in aid of their respective jurisdictions* . . ." 28 U.S.C. § 1651(a) (2012) (emphasis added). The Supreme Court has made it clear that "the authority to issue a writ under the All Writs Act is not a font of jurisdiction." *United States v. Denedo*, 556 U.S. 904, 914 (2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31 (2002)). The Act does not

serve to enlarge the jurisdiction a court possesses but rather allows the issuance of writs "in aid of" this existing jurisdiction.  *See Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999); *see also Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("The All Writs Act is not an independent grant of jurisdiction to a court; it merely permits a court to issue writs in aid of jurisdiction acquired to grant some other form of relief.").  In the instant case, this Court does not have any subject matter or statutory jurisdiction over Mr. Stoller's state conviction; thus, there is no existing jurisdiction that the All Writs Act may supplement.  Contrary to Mr. Stoller's contention, this Act alone cannot provide the necessary jurisdiction in this case.[8]

### IV.  CONCLUSION

For the foregoing reasons, the Respondents' motion to dismiss for want of jurisdiction is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 3, 2016                                                                RUDOLPH CONTRERAS
                                                                                                        United States District Judge

---

[8] In his response to the motion to dismiss, Mr. Stoller appears to argue that 18 U.S.C. § 3231 provides jurisdiction.  *See* Pet'r's Resp. ¶ 2 ("This Court has the power to hear this petition for writ which derives from Statute 18 U.S.C. Section 3231 . . ..").  Mr. Stoller does not explain how § 3231, which relates to jurisdiction for offenses against federal laws, *see United States v. Quattlebaum*, 933 F. Supp. 2d 208, 210–11 (D.D.C. 2013), could support his challenge to his state law conviction.  In this circuit it is clear that "perfunctory and undeveloped arguments . . . are deemed waived." *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013).  The Court does not construct arguments on behalf of the litigants, and thus considers this argument waived.